### BOISMARRE vs. JOURDAN.

Promise to pay interest for the renewal of a note, means bank interest.
The judgment of the inferior court, on mat-ters of fact al-ways prevails in the supreme court unless manifestly er-roneous.

APPEAL from the court of the parish and city of New-Orleans.

PORTER, J. delivered the opinion of the court. The plaintiff states himself to be the surviving partner of the late firm of Le Vilain & Bois-marré, and that the defendant is indebted to him in his individual character, and as sur-

viving partner of the said house in the sum of three hundred and ninety-four dollars, eighteen cents, being the balance of moneys paid and advanced, and goods sold and delivered, to the defendant.

The general issue and compensation were pleaded. According to the statement of facts signed by counsel, the account filed is admitted to be correct, except,

1. $24 50, paid to Tessier.for interest ;
2. $4, charged for binding books ;
3. $151 37, for merchandise furnished Felix Paul ;
4. $200, amount of a note not due when suit was brought ;
5. $4, for a waistcoat sold to plaintiff by defendant ;

6. $40, paid by Felix Paul, on account.

The objection to the first of these items is not supported by proof. Jourdan's engagement to pay interest for the renewal of his note, must be understood bank interest, and nothing more. It cannot be presumed he meant usurious interest : a deduction of $14 must therefore be made from this charge.

The second also, is incorrect. The plaintiff

VOL. I. (N. S.)       39

East'n District.
*May*, 1823.

BOISMARRE
*vs.*
JOURDAN.

received the books bound, and should pay for the binding.

The third item is disputed on the ground, that the defendant never made himself responsible for this debt, and if he did, that he was nothing more than surety. If the defendant wished to avail himself of the privilege which the law confers on sureties, to compel the creditor to sue first the principal debtor, he should have put in the plea of discussion, pointed out property to discuss, and furnished money enough to carry that discussion into effect. *Civil Code*, 430, *art.* 8 & 9. As to this not being the debt he contracted for, the evidence leaves the fact doubtful, and we adopt the conclusion of the court of the first instance, as we always do on questions of fact, unless the decision is clearly erroneous.

The demand of $200 was premature, as the note was not due. The law, under certain circumstances, permits a creditor to resort to cautionary measures to assure the payment of his debt; but the defendant is not shown to have been so circumstanced. *Acts of* 1817, *p.* 26, *sect.* 13. The creditor's right to sue, is founded on the debtor's default to pay, and there is no default, until the term accorded, is

expired. This sum must therefore be deducted, reserving to the plaintiff his right to enforce it according to law.

The claim for the waistcoat does not appear to be disputed.

We see no evidence, which authorises us to come to a different conclusion from the parish judge, in respect to the set-off of $40.

The defendant's plea that no action lies against him for any balance that may be found due, because Le Vilain & Boismarré consented to make him advances, on the condition, that they were to be paid by collections they should make of debts due Mr. Jourdan, to be placed in their hands for that purpose, does not appear supported by proof. The letter of the firm, offering to make the payments and requiring the power of attorney from defendant, to cover their engagements, is dated the 10th July, 1822. This power does not appear to have been furnished; and, admitting that the letter of 22d December of the same year is equivalent, it came too late: the defendant had no right to delay the plaintiff six months in the collection.

It is therefore ordered, adjudged and de-

creed, that the judgment of the parish court be annulled, avoided and reversed ; and it is further ordered, adjudged and decreed, that the plaintiff do recover of the defendant, one hundred and seventy-five dollars, 68 cents, with costs in the court below ; those of the appeal to be borne by the appellee : saving to the plaintiff his legal right on the note, for $200, prematurely sued for.

*Quemper* for the plaintiff, *Moreau Lislet* for the defendant.